**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
QUISORYS WANDA COLON,
                      Plaintiff,

          - against -

COLE BROS. CIRCUS, et al.,
                      Defendants.
----------------------------------------------------------X

**ORDER**

CV 04-3606 (JFB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      This order applies to all of the cases consolidated under the captioned docket number.

      On January 5, 2007, defendant Joseph Marcan ("Marcan") filed a subpoena on the docket of each of the various cases consolidated in this litigation,[1] apparently in the hope that I would enter endorsement orders compelling the recipient to comply with its terms. For the reasons set forth below, I decline to do so, and order each copy of certain subpoenas to be sealed.

      As a threshold matter, this subpoena should never have been filed on the public docket in unredacted form. It contains personal data identifiers, including the date of birth and Social Security number of one of the plaintiffs; as a result, docketing the subpoena in unredacted form violated the plain language of this court's Administrative Order 2004-09 (the "Administrative Order"). This is not the first time that Marcan's counsel has violated the provisions of that order: on September 11 and 13, 2006, Marcan filed unredacted subpoenas that revealed similar personal data identifiers of another of the plaintiffs in this consolidated action. DE 61 at 3; DE 63.

      As the Administrative Order plainly states, if a document to be filed with the court must include personal information, such information must be redacted from the version filed on the

---

[1] In docketing the subpoenas on cases other than the lead action captioned above, Marcan violated my explicit order of December 8, 2006, to the contrary. *See* Docket Entry ("DE") 60.

public docket. Moreover, "[t]he responsibility for redacting ... rests solely with counsel and the parties." Administrative Order 2004-09, Attachment at 1. I caution all counsel that future violations of the Administrative Order will result in sanctions. To avoid further unwarranted invasions of privacy, I respectfully direct the Clerk to seal from public view all of the improperly docketed subpoenas, specifically, documents 61, 63, and 91 in this case, document 74 in the case of *O'Malley v. Cole Bros. Circus, Inc., et al.*, No. 04-CV-3607 (JFB) (JO), and document 44 in the case of *Espinal v. Cole Bros. Circus, Inc., et al.*, No. 05-CV-4305 (JFB) (JO).

On a more substantive level, I would not endorse the most recent subpoena even if submitted in compliance with the Administrative Order. Although captioned as a "Subpoena As Trial Preparation For Potential Impeachment Purposes" – thus suggesting that it is a trial subpoena – the most recent subpoena in fact seeks discovery. As a trial subpoena it is premature: no date has been set for the trial of these cases, which will not in any event take place before me but rather before the Honorable Joseph F. Bianco, United States District Judge. Indeed, the parties still have several weeks left in which to commence the process for making dispositive motions that may obviate the need for a trial. DE 71. Further, the subpoena commands that the original documents it seeks must be produced by January 10, 2007. DE 91 at 2. The return date underscores that this is not a request designed for last-minute trial needs but is rather a part of the lengthy process of discovery – a process that ended four weeks ago. *Dodson v. CBS Broadcasting Inc.*, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005); DE 71 (Third Amended Scheduling Order dated October 4, 2006).[2]

---

[2] Another anomaly is the fact that the subpoena improperly directs the recipient to produce records directly to Marcan's counsel, rather than to the court. To be sure, the subpoena also commands that copies of the documents be directed to the "Subpoenaed Records Room" of the

2

While Rule 45 of the Federal Rules of Civil Procedure provides a means to secure documents for use at trial, that mechanism is abused when parties use trial subpoenas to seek materials that should have been obtained during discovery. *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995); *Playboy Enterprises Intern. Inc. v. On Line Entertainment, Inc.* 2003 WL 1567120, at *2 (E.D.N.Y. Mar. 13, 2003) (quashing subpoenas improperly served after close of discovery period as improperly seeking further discovery); *see also Buhrmaster v. Overnight Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 2005); *Rice v. United States of America*, 164 F.R.D. 556, 558 (N.D. Okl. 1995) (barring post-discovery subpoena seeking information that should have been obtained during discovery). Marcan was clearly of the view, during the discovery period, that telephone records from the date of the incident at issue might be relevant. DE 62 (Subpoena for 911 tapes) (dated September 12, 2006); DE 61 at 1-2 (same) (dated September 11, 2006). The subpoena now before me seeks similar information, and there is no reason why Marcan could not have issued it prior to the close of discovery on December 8, 2006. DE 71. I therefore decline to endorse it. If Marcan has already served the subpoena, I direct him to provide a copy of this order to the recipient and electronically file proof of such service with the court.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 8, 2007

                                              /s/ James Orenstein
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge

---

United States Courthouse in Brooklyn. But even that latter direction would be of little practical use in any subsequent trial, as the district judge to whom this case is assigned sits in the Central Islip courthouse, and will presumably try the case there.