# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

Nº 04-CV-3606 (JFB) (JO)
Nº 03-CV-3607 (JFB) (JO)
Nº 03-CV-4305 (JFB) (JO)

—————————————

QUISORYS WANDA COLON,

Plaintiff,

VERSUS

COLE BROS. CIRCUS, INC., JOSEPH MARCAN, AND ADRIATIC ANIMAL ATTRACTIONS,

Defendants.

———————————

MAUREEN O'MALLEY,

Plaintiff,

VERSUS

COLE BROS. CIRCUS, INC., JOSEPH MARCAN, AND ADRIATIC ANIMAL ATTRACTIONS,

Defendants.

———————————

SAMUEL ESPINAL,

Plaintiff,

VERSUS

COLE BROS. CIRCUS, INC., JOSEPH MARCAN, AND ADRIATIC ANIMAL ATTRACTIONS,

Defendants.

JOSEPH F. BIANCO, District Judge:

The present consolidated personal injury actions, filed on August 20, 2004 and September 12, 2005, arose from several car accidents that took place on July 31, 2004. Trial on these actions is scheduled for February 4, 2008. Plaintiffs Quisorys Wanda Colon and Maureen O'Malley (collectively, "plaintiffs") move pursuant to Fed. R. Civ. P. 65 for a preliminary injunction and temporary restraining order ("TRO") to enjoin defendant Joseph Marcan ("defendant") from selling, transferring, or otherwise secreting his interest in real property located at 3007 Highway 81S, Ponce De Leon, Florida (the "property") prior to trial, as well as from selling, transferring, or secreting any of his tigers (the "tigers"), one of which allegedly caused the aforementioned car accident after escaping from defendant Cole Bros. Circus, Inc. Plaintiffs contend that defendant's sale of the property and tigers would improperly enable defendant to avoid paying damages if plaintiffs prevail at trial. For the following reasons, plaintiffs' motion is denied.

## I. FACTS

Unless otherwise noted, the following facts are not in dispute.

Defendant owns the property, where he houses and trains the tigers during the circus off-season. Defendant has placed the property for sale for $1,980,000 through Sotheby's International Realty.

Defendant has not placed the tigers, on which defendant has a one million dollar insurance policy, for sale. However, plaintiffs infer defendant's intention to sell the tigers from defendant's proposed sale of the property. For purposes of this motion, the Court assumes that defendant also intends to sell the tigers.[1]

Plaintiffs allege that, if they prevail at trial, defendant will be liable for damages in excess of one million dollars. (Pl.'s Aff. at 4.)

## II. PROCEDURAL HISTORY

Plaintiffs filed the instant motion on August 17, 2007. Defendant responded to the motion on October 2, 2007. Plaintiffs replied on October 9, 2007.

On August 20, 2007, the Court denied the request for a TRO for the reasons set forth on the record. On September 4, 2007, in order to accommodate defendant's request for additional time to oppose the request for a preliminary injunction, the Court approved a stipulation between the parties containing a condition that defendant notify plaintiffs if he accepts an offer for the property (the "stipulation"). It was agreed that such stipulation would remain in effect until such time as the Court decided the motion for a preliminary injunction, so that plaintiffs could renew their request for a TRO if a sale was imminent and the motion was about to be rendered moot.

---

[1] The Court notes that sale of the tigers would not serve as an obstacle to trial in this case, since the tigers' ownership – similar to that of the property – is not at issue. In other words, this is a personal injury action, and not an action related to issues regarding ownership of the property or the tigers.

## III. Discussion

### A. Preliminary Injunction Under Rule 65

Plaintiffs ask the court to issue a preliminary injunction under Rule 65 enjoining defendant from selling the property and tigers prior to trial, so that defendant may not avoid paying a potential judgment in plaintiffs' favor. However, the Supreme Court has held that district courts have "no authority to issue a preliminary injunction preventing [defendants] from disposing of their assets pending adjudication," unless plaintiff claims a "lien or equitable interest" in the assets. *Grupo Mexicano De Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 310, 333 (1999); *see also Karaha Bodas Co., LLC. v. Perusahaan Pertambagan Minyak Dan Gas Bumi Negara*, No. 07-0065-CV, 2007 U.S. App. LEXIS 21458, at *17 n.8 (2d Cir. Sept. 7, 2007) (noting that under *Grupo*, "federal courts lack power to issue . . . [i]njunctions that prohibit a party from transferring assets pending resolution of an action"); *Pandora Select Partners, LP v. Strategy Int'l Ins. Corp.*, 06 Civ. 938, 2006 U.S. Dist. LEXIS 85238, at *6-*7 (S.D.N.Y. Aug. 11, 2006) ("[A] preliminary injunction designed to freeze a defendant's assets, so as to preserve the defendant's funds for a future judgment, is beyond the court's equitable powers.") (citing *Grupo*, 527 U.S. at 330-33). Here, where plaintiffs claim neither a lien nor an equitable interest in the property and tigers, the Court lacks the authority to grant a preliminary injunction under Fed. R. Civ. P. 65 – a virtual "nuclear weapon of the law," s*ee Grupo*, 527 U.S. at 332 (quotation marks omitted) – to enjoin defendant's sale of these assets pending trial. Plaintiffs' motion for such an injunction is denied.

### B. Attachment Under Rule 64

Although injunctive relief is unavailable to preserve assets for judgment under Fed. R. Civ. P. 65 except in the limited circumstances discussed *supra*, Fed. R. Civ. P. 64 "authorizes use of state prejudgment remedies," such as attachment. *Grupo*, 527 U.S. at 330-31. Even though plaintiffs did not move for attachment under Rule 64, "[i]t has been noted that the distinction between an attachment issued under Rule 64 and an injunction issued under Rule 65 is 'blurry at best.'" *Brook Drugs, Inc. v. Repice*, No. 99-CV-2074, 2001 U.S. Dist. LEXIS 889, at *13 (N.D.N.Y. Jan. 29, 2001). The Court has thus considered whether plaintiffs are entitled to relief under this alternate rule and, for the reasons set forth below, has concluded that they are not.

Fed. R. Civ. P. 64 provides for the "seizure of person or property for the purpose of securing satisfaction ultimately to be entered in the action . . . under the circumstances and in the manner provided by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 64. Under New York law, attachment is available if:

(1) the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or

(2) the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or

(3) the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned,

disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or

>        (4) the action is brought by the victim or the representative of the victim of a crime . . . . or

>        (5) the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit . . . .

N.Y.C.P.L.R. § 6201. Here, the only potentially applicable provision of § 6201 is § 6201(3). However, in order to invoke this provision, "it is incumbent upon [the plaintiff] to demonstrate that the defendant is acting with intent to defraud. Fraud is not lightly inferred, and the moving papers must contain evidentiary facts – as opposed to conclusions – proving the fraud." *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 331-32 (2d Cir. 1983) (affirming district court's denial of attachment where plaintiffs' sole evidence of fraudulent intent was defendant's violation of agreement with plaintiff and "shaky financial condition") (citation and quotation marks omitted); *see also Arias-Zeballos v. Tan*, 06-CV-1268, 2007 U.S. Dist. LEXIS 5069, at *11-*12 (S.D.N.Y. Jan. 24, 2002) ("[I]t is incumbent upon a plaintiff to show, by affidavit or other competent evidence, the fraudulent intent of a defendant in disposing of, encumbering, removing or secreting his or her property to . . . frustrate the enforcement of a judgment that might be obtained in the future. Absent such a showing, the mere possibility that a defendant may remove assets from New York is too remote to justify prejudgment attachment.").

Here, plaintiffs have not even made the requisite showing of intent the Second Circuit rejected as inadequate in *Brastex*: Plaintiffs have provided no evidence that sale of the property or tigers would render the defendant insolvent or unable to pay damages in the event plaintiffs prevail. Further, plaintiffs have failed to cite any facts showing that defendant has engaged in past fraudulent activity, intends to engage in future fraudulent activity, or plans to transfer assets out of the jurisdiction. Defendant's attempt to sell the property is transparent; Sotheby's has publicly posted the property on the internet. If "[t]he intent to defraud cannot be presumed from the mere fact that the defendant has liquidated or disposed of some of its business assets," *Nanjing Textiles Imp/Exp Corp. v. NCC Sportswear Corp.*, 06 Civ. 52, 2006 U.S. Dist. LEXIS 56111, at *14-*15 (S.D.N.Y. Aug. 11, 2006), certainly the potential of a future sale cannot give rise to this presumption.

Indeed, plaintiffs cite only a single fact to show defendant's alleged intent to frustrate judgment: the proposed sale's proximity in time to trial. (Pl.'s Aff. at 4.) Without more, however, the Court will not presume that the timing of the proposed sale evinces defendant's fraudulent intent. Plaintiffs essentially ask the Court to find as a matter of law that civil defendants may not sell assets in close proximity to trial. In the absence of a showing of actual intent to frustrate judgment, the Court declines to create such a sweeping precedent here. The Court finds that plaintiffs are not entitled to attachment under Rule 64.

In sum, there is no basis for the relief sought by the plaintiffs as it relates to the sale of the property and/or the tigers.[2] Plaintiffs

---

[2] Because the Court holds that relief under Rules 64 and 65 is unwarranted under the facts of this case, the Court need not address defendant's

also ask the Court to continue the stipulation. (Rep. Aff. ¶ 3.) Because the Court finds that a preliminary injunction or attachment is unwarranted, the Court will not continue to impose on defendant the condition that he notify plaintiffs of any accepted offers for the property.

## IV. CONCLUSION

For the reasons stated above, the motion for a preliminary injunction is denied.[3]

SO ORDERED.

_____
Joseph F. Bianco
United States District Judge

Dated: October 12, 2007
Central Islip, New York

The attorneys for plaintiffs Quisorys Wanda Colon and Maureen O'Malley are Ralph J. Drabkin, Esq. and Michael L. Tawil, Esq. of Drabkin and Margulies, 291 Broadway, New York, New York, 10007. The attorney for plaintiff Samuel Espinal is John W. Kondulis, Esq., of Bilello & Walisever, 875 Merrick Road, Westbury, New York, 11590. The attorney for defendant Cole Bros. Circus, Inc. is Paul T. Vink, Esq., of The Law Office of Paul T. Vink, 175 Main Street, Suite 401, White Plains, New York, 10601. The attorney for defendants Adriatic Animal Attractions and Joseph Marcan is Kathi Peisner, of Krez & Peisner LLP, 225 Broadway, Suite 2199, New York, New York, 10007.

---

alternative argument that the property is exempt from judgment under state law. (Opp. Mem. at 5-7.)

[3]Defendant seeks costs in connection with his opposition to plaintiffs' motion, which he characterizes as frivolous. The Court does not believe there is any basis for awarding costs in connection with the opposition to this motion and, thus, that request is denied.